FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 28 2014 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RANA ROMNEY,
                Plaintiff,

   -against-

Index No.: CV-14-4512

JURY TRIAL DEMAND

MICHAEL J. BLACK, individually; WILLIAM
HUDSON, JR., individually and as a police
detective of the Suffolk County, N.Y. Police Dept.
and County of Suffolk,
                Defendants.
---------------------------------------------------------------X

**BIANCO, J.**

**WALL, M.J.**

## COMPLAINT

### Introductory Statement

1. This is an action for damages sustained by a citizen of the United States against a police detective of the Suffolk County, New York (hereinafter County) Police Department who in violation of the Fourth Amendment to the United States Constitution, unlawfully arrested her and caused her to be maliciously prosecuted. The County, the employer of Detective Hudson, is sued as a person under 42 U.S.C. § 1983 because of its condonation of such police misconduct as that complained of herein. In addition, Michael J. Black, a private citizen, is being sued for acting in conspiracy with the other individual defendant to cause plaintiff's arrest and prosecution without probable cause. Plaintiff is also asserting a supplemental claim of malicious prosecution against Mr. Black.

### Jurisdiction

2. This action is brought pursuant to 42 U.S.C. §§1983, 1988 and the Fourth Amendment to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§1331 and 1343 (1), (2), (3), (4) and the aforementioned statutory and constitutional provisions. In addition, plaintiff is invoking the court's supplemental jurisdiction with respect to a claim of malicious prosecution which is being asserted against defendant Michael J. Black.

3. The amount in controversy exceeds $150,000.00 excluding interest and costs.

## Parties

4. Plaintiff was, at all times relevant to the allegations of this Complaint, and still is a citizen of the United States and a resident of the County.

5. At all times relevant hereto, defendant Hudson was employed by the County Police Department as a police detective and was assigned to the First County Police Precinct; he is being sued individually and in his official capacity.

6. The defendant County is a municipal corporation within the State of New York and, at all times relevant to the allegations of this Complaint, it acted under color of law and employed defendant Hudson as a police detective.

7. At all times relevant to the allegations of this Complaint and in all his actions described herein, the individual police detective defendant was acting as the agent, servant and employee of the County and was acting under color of law pursuant to his authority as police detective of the County Police Department.

8. Michael J. Black, a private citizen, is being sued for acting in conspiracy with the other individual defendant to falsely arrest and maliciously prosecute plaintiff.

## Factual Allegations

9. At about 10:00 p.m. on or about August 12, 2011, defendant Black, a convicted felon, was beaten in West Babylon by men wearing hoodies and dark clothing.

10. On 09-26-14, without probable cause, defendant Hudson arrested plaintiff and caused her to be charged with assault with intent to cause serious physical injury with a weapon, by causing a felony complaint to be filed with the County's First District Court; he thereby commenced against her the malicious prosecution which is complained of herein.

11. Defendant Black also caused plaintiff's arrest and prosecution by giving a false statement to police

- 2 -

with respect to the alleged events of 08-12-11 and by falsely testifying before a County Grand Jury which indicted plaintiff on charges of attempted murder in the second degree, assault in the first and second degrees and conspiracy in the fifth degree.

12. Defendant Black's false testimony before the Grand Jury included: "she opened, shes like cracking open the door... he goes to kick me and when he goes to kick me... and he puts his foot right through the door... and once he kicks the door open, I go in the door, I push the door open..."

13. In his 08-14-12 statement to Detective Hudson, defendant Black declared: "Rana eventually opened the door..."

14. Unlike his story to the Grand Jury to the effect that the door was kicked open by a male assailant, Mr. Black testified on 08-19-11 before the County Family Court: "while they were beating me and asaulting me I'm trying to push the door open. When the door goes open..."

15. It appears that the Grand Jury testimony to the effect that plaintiff only cracked the door open and a male assailant thereafter "kicks the door open..." was perjurious.

16. Similarly, Detective Hudson falsely testified before the Grand Jury.

17. Defendant Hudson, before the Grand Jury, perjuriously attributed to plaintiff the declaration that "she couldn't remember what she had sated in her original statement."

18. During the trial, in response to a questions as to whether plaintiff ever indicated "that she did not remember what she had said," defendant Hudson responded: "No. She just said, whatever's in the statement, that's what" she said she told the detective.

19. Defendant Hudson perjuriously asserted before the Grand Jury that plaintiff waived her rights and agreed to speak to him.

20. In fact, there was no such waiver and the Detective affixed to a Miranda card initials he falsely claimed were plaintiff's.

21. Defendant Hudson perjuriously testified before the Grand Jury that questioning of plaintiff went

- 3 -

forward and only came to a stop when a Jeep was mentioned.

22. Plaintiff's genuine initials appear on an 08-12-11 statement of the latter which was taken by Detective Hudson before plaintiff had been advised that she was a suspect or that she had a right to remain silent.

23. The initials on that statement bear no resemblance to the initials which appear on the Miranda card and which were disingenuously placed on the card by defendant Hudson.

24. It appears that, to facilitate the misleading of the Grand Jury, the Miranda card, on which the forged initials appear, was not placed into evidence.

25. At plaintiff's Huntley Hearing, defendant maliciously and falsely testified as follows: " Q And did you visually see...[plaintiff] sign and complete.. the rights card?" "A Yes, I did."

26. On 07-26-11 a County jury presided over by Hon. James Hudson, J.S.C., acquitted plaintiff of all the charges which had been lodged against her and on which she had been indicted during 04-12 and the prosecution thereon was thereupon terminated wholly favorably to plaintiff.

27. The prosecution, for which there was no probable cause, was commenced and pursued maliciously by defendant Black, for some purpose personal to him, including the purpose of obtaining an advantage over plaintiff with respect to a dispute as to the custody of their child.

28. The prosecution, for which there was no probable cause, was commenced and pursued by defendant Hudson maliciously, for some purpose personal to him, including the purpose of being credited with arresting and causing the prosecution of the perpetrator of serious crimes.

29. As a result of the above referred to wrongful and malicious conduct of the individual defendants, plaintiff was damaged, including being incarcerated for a period of some four days, experiencing loss of time from her usual activities, loss of liberty, suffering, fright, humiliation, loss of reputation and emotional distress; in addition, she was otherwise damaged, including paying a $20,000.00 legal fee for her criminal defense.

30. The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the County Police Department which was known to and approved by the municipality, the County having at no time taken any effective action to prevent defendant Hudson from continuing to engage in such misconduct as that complained of herein, including uncritically supporting a theory as to a suspect's guilt and resorting to perjury to facilitate pursuit of the prosecution.

31. Defendant County authorized, tolerated as institutionalized practices and approved of the misconduct hereinbefore referred to by:

    (a) failing to properly train, discipline, restrict and control employees, including defendant Hudson;

    (b) failing to implement proper procedures, guidelines and/or policies regarding the duty of police personnel to protect persons, including the plaintiff herein, from abusive conduct but instead taking blatantly extralegal steps to pursue baseless prosecutions;

    (c) allowing, condoning and/or permitting County police personnel to abuse citizens in order to avoid conflict with a politically powerful union.

32. As a consequence of the abuse of authority detailed above, including the County's condonation of official misconduct, plaintiff sustained the damages hereinbefore alleged.

## COUNT I

## FEDERAL CLAIMS

### (42 U.S.C. §1983)

33. The allegations set forth in paragraphs 1 through 32, supra, are incorporated herein by reference. The hereinbefore described actions and omissions, engaged in under color of state authority by defendants Hudson, Black and County, sued as a person, responsible because of its authorization, condonation and/or approval of the acts of its agent, deprived plaintiff of rights and immunities secured to her by the Constitution of the Unites States, including but not limited to her Fourth Amendment

- 5 -

rights to be free from false arrest and malicious prosecution.

### Supplemental Claim

34. The acts and conduct alleged in paragraphs 1 through 30 are realleged with the same force and effect as if set forth herein in full.

35. The conduct alleged supra constitutes malicious prosecution under New York State law.

36. Plaintiff, under the state's common law, complains that she was maliciously prosecuted by defendant Black.

WHEREFORE, plaintiff demands the following relief:

(a) Compensatory damages jointly and severally against all of the defendants in an amount to be determined by a jury;

(b) Punitive damages, against each of the individual defendants, in amounts to be determined by the jury and,

(c) such other further relief, including costs and reasonable attorney's fees, that this Court may deem appropriate.

*Arthur V. Graseck Jr*
ARTHUR V. GRASECK, JR./6285
Attorney for Plaintiff
99 Meredith Lane
Oakdale, New York 11769-1007
(631) 513-3787

Dated: Oakdale, New York
07-26-14